CHARLES R. DRAKE, Respondent, *v.* HARRY C. REINER, Appellant.

(Argued April 27, 1932; decided June 7, 1932.)

*Clarence P. Moser* and *Herbert R. Reif* for appellant. There was no obligation, express or implied, to pay the sum demanded or any other sum. (*Fink* v. *Cox,* 18 Johns. 145; *Dougherty* v. *Salt,* 227 N. Y. 200; *White* v. *Corlies,* 46 N. Y. 467; *Pershall* v. *Elliott,* 249 N. Y. 183; *Axelrod* v. *77 Park Ave. Corp.,* 225 App. Div. 557; *Seeley* v. *Osborne,* 220 N. Y. 416; *Mance* v. *Hossington,* 205 N. Y. 33; *Komp* v. *Raymond,* 175 N. Y. 102; *Mayer* v. *Metropolitan Traction Co.,* 105 App. Div. 497; *Strahl* v. *Fink,* 132 App. Div. 12; *Moyer* v. *Shoemaker,* 5 Barb. 319; *Wolff* v. *Flatow,* 7 N. Y. Supp. 416.) Recovery cannot be allowed upon the theory of an executed gift. (*Fink* v. *Cox,* 18 Johns. 145; *Dougherty* v. *Salt,* 227 N. Y. 200; *Matter of Van Alstyne,* 207 N. Y. 298.)

*William MacFarlane* for respondent. Plaintiff was entitled to a verdict upon the theory that the transaction evidenced by the receipt was a gift. (*Matter of Mills,* 172 App. Div. 530; 219 N. Y. 642; *Gray* v. *Barton,* 55 N. Y. 68; *Carpenter* v. *Soule,* 88 N. Y. 251; *Ferry* v. *Stephens,* 66 N. Y. 321; *McKenzie* v. *Harrison,* 120 N. Y. 260; *Matter of Babcock,* 85 Misc. Rep. 256; 169 App. Div. 903; 216 N. Y. 717; *Matter of Cohn,* 187 App. Div. 392; *Ridden* v. *Thrall,* 125 N. Y. 572; *Matter of Brady,* 228 App. Div. 56; 254 N. Y. 590.) The plaintiff was entitled to a verdict upon the theory that the transaction was a credit based upon a valid consideration. (*Marie* v. *Garrison,* 83 N. Y. 14; *Grossman* v. *Schenker,* 206 N. Y. 466; *Willets* v. *Sun Mut. Ins. Co.,* 45 N. Y. 45; *Sun Oil Co.* v. *Heller,* 248 N. Y. 28; *Matter of Bradbury,* 105 App. Div. 250; *Wigand* v. *B. B. Brewing Co.,* 222 N. Y. 272; *Brassil* v. *Maryland Casualty Co.,* 210 N. Y. 235; *Simon* v. *Etgen,* 213 N. Y. 589; *Parsil* v. *Onyx Hosiery, Inc.,* 220 App. Div. 148; 246 N. Y. 559.)

KELLOGG, J. The plaintiff was the general manager and a director of the Line-a-Time Manufacturing Company, Inc. The defendant owned a majority of the common stock of the corporation. On or about December 2,

1919, the defendant caused the corporation to issue to the plaintiff, out of treasury stock to which the defendant was entitled, one hundred and forty-six shares of the common stock. Contemporaneously the parties signed a writing which defined their interests in the stock so issued.

The writing provides that the plaintiff will pay the defendant $14,600 for the stock thus issued; that all dividends declared upon the stock and paid to the plaintiff will immediately be paid over by him to the defendant; that these payments will continue until the full purchase price with interest has been paid. The principal sum payable for the stock is to become due in ten years from the date of the agreement. Within thirty days after the termination of this period, the plaintiff may redeem the stock from the lien or pledge in the defendant's favor, by paying off the balance of the purchase price then due with interest. In the event that the plaintiff fails thus to redeem the stock, title thereto will immediately vest in the defendant. The defendant will thereupon deliver to the plaintiff a release from all liability for the principal sum agreed to be paid.

The writing further provides that if the relationship between the plaintiff and the corporation is severed, at the instance of the corporation, the title to the stock shall immediately vest in the defendant provided the defendant pay the plaintiff the total amount of dividends applied prior thereto in payment of said stock. In case the severance of relationship comes about through the voluntary act of the plaintiff, then the transfer shall take effect, without the repayment of any sum whatever.

About the time of this transaction, the defendant had made a profit in the purchase of certain other shares of the corporate stock. He determined to award the plain tiff participation in some of the benefits derived. Acc ingly, he executed and delivered to the plaintiff a reading as follows: " Rochester N. Y. Dec. 2

Received of C. R. Drake Seventeen Hundred forty-seven and 30/100 dollars. To apply on the capital stock alloted to him as per agreement signed this day. $1,747.30."

In August, 1927, the corporation notified the plaintiff that his services would no longer be required. At this time no dividends had ever been declared· and paid by the corporation. Under the express terms of the agreement, therefore, the stock, standing in the plaintiff's name, immediately became, without any refund of dividends, the absolute property of the defendant. Nevertheless, the plaintiff thereafter brought this action to recover from the defendant the sum of $1,747.30, the amount named in the receipt, with interest from its date, and has had judgment therefor.'

No tenable theory for a recovery may be conceived. The writing signed by the parties does not disclose a binding promise made by the plaintiff in exchange for a promise made by the defendant. It does in form express a promise by the plaintiff to pay for the 146 shares of stock at par. However, this was qualified by the provision that if he did not make payment, title to the stock should pass to the defendant, and the plaintiff should be released from any obligation to pay. Thus, no consideration was supplied to make a binding contract. Even if there were a consideration, the defendant never committed a breach of the contract. When the corporation discharged the plaintiff from its employment, the defendant became entitled to the stock. True, he had promised, in that event, to pay the plaintiff the amount of the dividends previously declared and applied upon the purchase. However, there were no dividends; so the defendant's right to the stock was absolute. Moreover, the writing between the parties made no reference to the credit of $1,747.30, and expressed no promise in relation thereto. Nor does the law of quasi-contracts afford the slightest basis for a recovery. The plaintiff never made any payment to the defendant whatever, so

that the defendant in no wise has ever been unjustly enriched at the expense of the plaintiff. The sum of $1,747.30, referred to in the receipt, was a profit which the defendant had made by his own devices. If he chose to allow a credit to the plaintiff, in reduction of the sum named in the option to purchase, that fact is immaterial here for the plaintiff never took up the option.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., concurs in result; POUND, Ch. J., and CRANE, J., dissent; CROUCH, J., not sitting.

Judgments reversed, etc.